# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 27, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| ZOE WRIGHT, | * | |
| | * | No. 15-1436V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Polycystic Ovary Syndrome ("POS"); |
| AND HUMAN SERVICES, | * | Postural Orthostatic Tachycardia |
| | * | Syndrome ("POTS"); Measles, Mumps |
| Respondent. | * | & Rubella ("MMR"); Gardasil; |
| | * | hepatitis B ("hep B"), polio vaccines. |
| * * * * * * * * * * * * * * | * | |

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
Amy P. Kokot, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On November 30, 2015, Zoe Wright ("petitioner") filed a petition under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"),[2] alleging that she suffered from Polycystic Ovary Syndrome ("PCOS") as a result of receiving the Gardasil, hepatitis B, polio, and MMR vaccinations on December 5, 2012. Petition at preamble.

The initial status conference was held on March 17, 2016, during which petitioner was ordered to file all medical records and a statement of completion. Petitioner filed medical records and a statement of completion on April 18, 2016, and subsequently filed three motions

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

for extension of time to file an amended petition.

Petitioner's amended petition was filed on May 27, 2016. Petitioner alleged that she suffered vaccine-induced brain damage and Postural Orthostatic Tachycardia Syndrome ("POTS") as a result of receiving the Gardasil, hepatitis B, polio, and MMR vaccinations on December 5, 2012. Amended Petition at preamble. Petitioner filed additional medical records over the course of the next six months, and she filed an amended statement of completion on January 9, 2017.

Respondent filed his Rule 4(c) Report on April 28, 2017, recommending against compensation and requesting additional medical records. Petitioner filed additional medical records in May, June, and July 2017, and additional time was granted for petitioner to file additional missing records. On September 1, 2017, an Order to Show Cause was issued due to petitioner's failure to file outstanding medical records. Petitioner was warned that her case would be dismissed if the records were not filed by October 2, 2017.

Petitioner filed the missing records responsive to the Order to Show Cause and was thereafter ordered to file an expert report by November 27, 2017. On November 27, 2017, petitioner filed a status report in which she stated that after speaking to several medical experts, she was requesting 30 days to file a motion to dismiss her case.

On December 27, 2017, petitioner filed an affidavit from her mother and a motion to dismiss her petition. Motion to Dismiss dated December 27, 2017 (ECF No. 56). Petitioner stated that "[a]n investigation of the facts and science supporting her case has demonstrated … that she will be unable to prove that she is entitled to compensation." Id. at 1. She thereby requested that her petition be dismissed. Id.

To receive compensation under the Program, petitioner must prove either: 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that her injuries were actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury." Further, the record does not contain any persuasive evidence indicating that petitioner's PCOS, POTS, brain damage, or any other injuries were caused by the vaccinations she received on December 5, 2012.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner has been unable to find an expert to opine as to causation and has not filed an expert report. Thus, petitioner stated that she is otherwise unable to prove that she is entitled to compensation in the Vaccine Program.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were caused-in-fact by

her December 5, 2012 vaccinations.

      Therefore, this case is dismissed for insufficient proof.  In the absence of a motion for review,[3] the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.

      **IT IS SO ORDERED.**

                                                  **s/Nora Beth Dorsey**
                                                  Nora Beth Dorsey
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.