# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed:  November 27, 2018)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| ZOE WRIGHT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1436 |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Reasonable |
| AND HUMAN SERVICES, | * | Basis; Percentage Reduction in Fees. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

Mark T. Sadaka, Mark T. Sadaka LLC, Englewood, NJ, for petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 30, 2015, Zoe Wright ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.[2] ("Vaccine Act"), alleging that she suffered from Polycystic Ovary Syndrome ("PCOS") as a result of receiving human papillomavirus ("HPV" or "Gardasil"), hepatitis B, polio, and measles-mumps-rubella ("MMR") vaccinations on December 5, 2012.  Petition at Preamble.  Petitioner filed an amended petition on May 27, 2016, alleging instead that the vaccinations caused her to

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

develop Postural Orthostatic Tachycardia Syndrome ("POTS"), vaccine-induced brain damage, and other neurological injuries, including severe headaches. Amended Petition (ECF No. 17) at Preamble.

The record in this case developed quite slowly. By September 1, 2017, approximately 21 months after the petition was filed, important medical records remained outstanding. The undersigned issued an Order to Show Cause that day, documenting the numerous extensions she had granted petitioner and the medical records that remained unfiled. Order to Show Cause dated Sept. 1, 2017 (ECF No. 49). Petitioner responded to the Order to Show Cause in a timely manner, but she ultimately filed a motion to dismiss on December 27, 2018, acknowledging that she "will be unable to prove that she is entitled to compensation in the Vaccine Program." Motion to Dismiss dated Dec. 27, 2018 (ECF No. 56) at 1. The undersigned issued a decision dismissing the petition on the same day. Decision dated Dec. 27, 2017 (ECF No. 57).

On July 23, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion ("Pet. Mot.") dated July 23, 2018 (ECF No. 61). Petitioner requests attorneys' fees in the amount of $14,512.18 and attorneys' costs in the amount of $2,429.62. Pet. Mot., Ex. A at 7. The total request for fees and costs is thus $16,941.80. Pet. Mot. at 4. Respondent filed his response on August 16, 2018, opposing the motion on the grounds that petitioner's claim lacked reasonable basis. Respondent's ("Resp.") Response dated Aug. 16, 2018 (ECF No. 67). Respondent argued that petitioner's case rested on "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion," and that petitioner should have known that a credible expert opinion would be necessary. Id. at 9 (quoting 42 U.S.C. § 300aa-13(a)(1)), 10. Petitioner filed a reply on August 23, 2018, maintaining that petitioner had reasonable basis to bring the claim. Petitioner's Reply ("Pet. Reply") dated Aug. 23, 2018 (ECF No. 68). Petitioner described her medical theory of causation and documented some of the medical literature that initially seemed to support it. Id. at 2-4. Petitioner's counsel also emphasized that "Zoe's history of headache did not reveal itself until much later in the litigation and, upon learning so, the case was quickly resolved thereafter." Id. at 6.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned GRANTS petitioner's motion in part and awards $14,039.36 in attorneys' fees and costs.

## I. Discussion

### a. Reasonable Basis

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was reasonable basis for the claim for which the petition was brought." Id. at § 15(e)(3). Here, respondent does not challenge petitioner's good faith. Resp. Response at 7. Rather, respondent asserts that petitioner's claim had no objectively reasonable evidentiary basis.

"Special masters have broad discretion in awarding attorneys' fees where no compensation is awarded on the petition." Silva v. Sec'y of Health & Human Servs., 108 Fed. Cl. 401, 405 (2012). In the interest of preserving this discretion, courts have declined to impose "a reasonable basis test that turns solely on evidentiary standards." Chuisano v. Sec'y of Health & Human Servs., 116 Fed. Cl. 276, 287 (2014). Instead, special masters have generally viewed reasonable basis as an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 303 (2011). Incomplete medical records do not prohibit a finding of reasonable basis. Chuisano, 116 Fed. Cl. at 288. Prior to filing, however, the Vaccine Act contemplates "a simple review of available medical records to satisfy the attorneys that the claim is feasible." Silva, 108 Fed. Cl. at 405.

The undersigned determines that petitioner's claim had reasonable basis for the period of time covered by petitioner's fee application. In coming to this conclusion, the undersigned does not rely on the claims of petitioner alone or on the conduct of her counsel. See Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 636 (Fed. Cir. 2017). Instead, the undersigned finds that after conducting the "simple review of available medical records" contemplated by the Court of Federal Claims (Silva, 108 Fed. Cl. at 405), there was an objective basis, found in the medical records, sufficient to establish that the claim was feasible. In her amended petition, petitioner alleged vaccine injuries such as POTS and headaches. While she began having headaches at four or five years of age, petitioner's contemporaneous medical records demonstrate a consistent history of worsening headaches beginning around the time of her vaccination. See, e.g., Petitioner's Exhibit ("Pet. Ex.") 2 at 9, 18, 22, 25, 61; Pet. Ex. 5 at 1, 13; Pet. Ex. 8 at 10, 25. While rare, compensation for such injuries is not unheard of in the Vaccine Program. See, e.g., Starr v. Sec'y of Health & Human Servs., No. 14-929, 2017 U.S. Claims LEXIS 770 (Fed. Cl. Spec. Mstr. June 7, 2018) (POTS after HPV vaccination); Doenges v. Sec'y of Health & Human Servs., No. 11-893, 2014 U.S. Claims LEXIS 505 (Fed. Cl. Spec. Mstr. May 22, 2014) (POTS after HPV vaccination); Stewart v. Sec'y of Health & Human Servs., No. 10-161, 2012 U.S. Claims LEXIS 1333 (Fed. Cl. Spec. Mstr. Oct. 2, 2012) (chronic headaches after HPV vaccination); Hochniuk v. Sec'y of Health & Human Servs., No. 99-509, 2012 U.S. Claims LEXIS 498 (Fed. Cl. Spec. Mstr. Apr. 6, 2012) (POTS after Hep B vaccination); Alexander v. Sec'y of Health & Human Servs., No. 06-428, slip. op. (Fed. Cl. Spec. Mstr. Feb. 9, 2009) (POTS after Hep B vaccination).

Respondent argues that petitioner "should have known" that this claim would not be viable without an expert opinion. Resp. Response at 10. In support of this position, he cites Carter v. Sec'y of Health & Human Servs., which he characterizes as "finding no reasonable basis in a case in which the petitioner's attorney was on notice that an expert would be necessary." Id. (citing Carter, No. 15-1030, 2017 WL 490427, at *4 (Fed. Cl. Spec. Mstr. Jan. 10, 2017)). This characterization is not entirely accurate. Although the special master in Carter determined that the petitioner should have obtained an expert opinion before filing her petition, the Court of Federal Claims explicitly rejected this determination as harmless error. See 132 Fed. Cl. 372, 382 (2017) ("The Court agrees with petitioner that the Vaccine Act does not require that a petitioner hire an expert before filing a petition to satisfy the reasonable basis standard under the Act."). The undersigned is similarly unwilling to impose such a requirement on every petitioner with an atypical claim.

Furthermore, the facts of Carter can be distinguished from the instant case. There, the special master had observed that "the medical records and the treating physicians point to other causes of death, not associated with Z.J.C.'s vaccinations."[3] Id. at 377. In contrast, petitioner's medical records do not demonstrate a clear alternative explanation for her symptoms. Therefore, while an earlier expert report may have been beneficial, it was not required. See Gonzalez v. Sec'y of Health & Human Servs., No. 14-1072, 2015 WL 10435023, at *8 (Fed. Cl. Spec. Mstr. Nov. 10, 2015) (finding reasonable basis even though "[c]ommunication with a potential expert prior to filing could have exposed the claim's lack of sufficient scientific foundation sooner").

Throughout the several hundred pages of medical records filed in this case, petitioner consistently reported a marked intensification of her headaches after her vaccinations. See Pet. Ex. 2 at 9, 18, 22, 25, 61; Pet. Ex. 5 at 1, 13; Pet. Ex. 8 at 10, 25. Moreover, her records demonstrate other neurological symptoms such as loss of balance, vision problems, and dizziness. See Pet. Ex. 2 at 9-10, 19, 72; Pet. Ex. 3 at 7, 13. Ultimately, petitioner could not obtain an expert report to support her claim, and timely dismissed it.

As petitioner's counsel notes, petitioner's prior history of headaches and other conditions complicate her medical history. See Pet. Reply at 4. These complications may have contributed to the ultimate failure of her claim, but they do not negate reasonable basis altogether. Thus, because the undersigned finds that petitioner's claim was supported by objective evidence, there was a reasonable basis, and the undersigned will award reasonable attorneys' fees and costs.

   **b. Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the

---

[3] The autopsy described the cause of death as acute bronchopneumonia, a condition that predated Z.J.C.'s vaccination. Carter v. Sec'y of Health & Human Servs., No. 15-1030, 2017 U.S. Claims LEXIS 71 (Fed. Cl. Spec. Mstr. Jan. 10, 2017).

special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).

### 1. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the attorney and paralegals who worked on this matter:

Mark Sadaka (Attorney)
    2015 – $350.00
    2016 – $362.95
    2017 – $376.38
    2018 – $376.38

Keri Congiusti (Paralegal)
    2015 – $135.00
    2016 – $140.00

Latashia Vauss (Paralegal)
    2015 – $135.00
    2016 – $140.00

Melina Fontiou (Paralegal)
    2016 – $140.00
    2017 – $145.17

Michele Curry (Paralegal)
    2017 – $145.17

Because Mr. Sadaka and his associates practice in Englewood, New Jersey, forum rates apply. The undersigned has awarded similar rates to Mr. Sadaka and his associates in the past.[4] See Lazicki v. Sec'y of Health & Human Servs., No. 15-762, 2018 U.S. Claims LEXIS 662 (Fed. Cl. Spec. Mstr. March 7, 2018); Nelson v. Sec'y of Health & Human Servs., No. 15-615, 2018 U.S. Claims LEXIS 356 (Fed. Cl. Spec. Mstr. Jan. 22, 2018). Here, the undersigned again determines that these rates are reasonable and in accordance with the guidelines set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293, 2015 WL 563423 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

---

[4] Although the undersigned has not specifically considered Ms. Curry's 2017 rate, other special masters have approved this rate. See, e.g., Van Vessem v. Sec'y of Health & Human Servs., No. 11-132, 2018 WL 3989517 (Fed. Cl. Spec. Mstr. July 3, 2018).

5

### 2. Reduction of Billable Hours

While the undersigned has determined that petitioner is entitled to an award of attorneys' fees and costs, she finds that a reduction in the number of hours billed by petitioner's counsel is appropriate.

Petitioner properly moved to dismiss her petition once it became apparent that she could not establish entitlement to compensation. However, petitioner's counsel caused repeated delays in developing the record to this point. As documented in the Order to Show Cause, petitioner was granted numerous extensions to file the requisite medical records. The fact that it took petitioner nearly 22 months from the filing of the petition to file all records and recognize the weakness of the claim is problematic. For this reason, the undersigned will decrease the requested attorneys' fees by 20%.[5] Petitioner is thus entitled to attorneys' fees of $11,609.74.

### c. Reasonable Costs

Petitioners request a total of $2,429.62 in attorneys' costs. Pet. Mot., Ex. B. This amount includes costs related to court filing fees, medical records requests, and postage. Id. Because these costs are reasonable and well-documented, the undersigned will reimburse them in full.

## II. Conclusion

For the reasons discussed above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorney fees requested: | $ 14,512.18 |
| Reduction due to delay: | $ - 2,902.44 |
| **Attorney Fees Awarded** | **$ 11,609.74** |
| | |
| Attorney costs requested: | $ 2,429.62 |
| **Attorney Costs Awarded** | **$ 2,429.62** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$ 14,039.36** |

The undersigned hereby awards the amount of **$14,039.36**, in the form of a check[6] made payable jointly to petitioner and petitioner's counsel, Mark T. Sadaka.

---

[5] The reduction is calculated as follows: $14,512.18 x 0.20 = $2,902.44.

[6] The check shall be forwarded to Mark T. Sadaka, LLC, 155 North Dean Street, 4th Floor, Englewood, NJ 07631.

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.